UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPAL SOMPAL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FERETI SEMAIA, *et al.*,<br><br>　　　　RESPONDENTS. | Case No. 5:26-cv-00320-CV (SPx)<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br>**[3]** |

　　On January 19, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers detained Petitioner Sompal Sompal ("Petitioner") during a routine check-in. Petitioner has since remained in detention. Presently before the Court is Petitioner's request for a temporary restraining order ("TRO") and a preliminary injunction requiring his immediate release from detention.

　　On January 25, 2026, Petitioner filed a Petition for Writ of Habeas Corpus against Respondents Fereti Semaia, Adelanto Detention Facility Administrator, Todd Lyons, Acting Director of ICE, Kristi Noem, Secretary of the United States Department of Homeland Security, and Pamela Bondi, Attorney General of the United States (collectively, "Respondents") ("Petition"). Doc. # 1 ("Pet.").

1

Before the Court is Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction, filed on January 29, 2026 ("Motion"). Doc. # 3 ("Mot."). Specifically, Petitioner requests the Court to (1) require his immediate release from detention, and (2) enjoin Respondents from re-detaining him absent a pre-detention hearing. Mot. at 17.

On February 2, 2026, Respondents filed an opposition brief. Doc. # 6 ("Opp."). The opposition brief was late, as the deadline to file one was February 1, 2026. *See* Doc. # 4 at 1. Petitioner timely filed a reply brief that same day. Doc. # 7.

The Court finds that oral argument is not necessary to resolve the present dispute. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001). Having reviewed and considered the parties' briefing, the Court GRANTS Petitioner's request for a TRO.

## I.  BACKGROUND

Petitioner was born in India. Pet. ¶ 2; Doc. # 3-1 ("Adhikari Decl."), Ex. 1. On June 11, 2024, Petitioner entered the United States and was apprehended by Customs and Border Protection. Pet. ¶ 2. He was subsequently released on an order of recognizance. *Id.*

On June 12, 2024, Respondents initiated removal proceedings against Petitioner. *Id.* ¶¶ 57–58; Adhikari Decl., Ex. 2. Petitioner was served with a Notice to Appear, which alleges that Petitioner is removable for not having been admitted or paroled into the United States. *Id.* Petitioner then filed an application for defensive asylum and has since been waiting for a hearing date. Pet. ¶ 61; Adhikari Decl., Ex. 3.

On January 19, 2026, Petitioner was re-detained. Pet. ¶ 2. Based on the current record, there is no indication that Petitioner violated any condition of his release or committed any crime. Nor is there any indication that he received an individualized hearing before a neutral decisionmaker to assess whether his re-detention was warranted.

## II.  LEGAL STANDARD

The standards for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 are the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal.

2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm absent preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* elements are also met. *Id.* at 1132.

## III. DISCUSSION

Petitioner argues that he is entitled to release from custody because his ongoing detention violates his due process rights under the Fifth Amendment. Mot. at 8–12. Respondents do not oppose the Motion on the merits. *See generally* Opp. Rather, their only argument is that a bond hearing, rather than Petitioner's immediate release, would be the proper remedy. Opp. at 1.

Because Respondents did not oppose the Motion on the merits, and because this Court has previously found that a TRO is warranted under similar circumstances (*see, e.g.*, *Sotomayor v. Bondi*, No. 5:25-cv-02939-CV (SSC) (C.D. Cal. Nov. 14, 2025) (Doc. # 10)),

the Court finds that a TRO is proper here. Thus, the only dispute is whether the TRO should order Petitioner's immediate release or require Respondents to hold a bond hearing.

Notwithstanding the fact that Respondents filed their opposition brief late,[1] the Court does not believe that a bond hearing would be the proper remedy. The purpose of a TRO is to preserve "the last uncontested status which preceded the pending controversy." *Flathead-Lolo-Bitterroot Citizen Task Force v. Mont.*, 98 F.4th 1180, 1191 (9th Cir. 2024). Here, the last uncontested status preceding the pending controversy was Petitioner's release on recognizance. Moreover, ordering a bond hearing without immediate release would not address the harm being done to Petitioner, who would continue to be held in detention without due process until the bond hearing takes place. *See Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC (EMC), 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) ("The constitution typically 'requires some kind of a hearing *before* the State deprives a person of liberty or property.'") (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). Accordingly, the Court will grant Petitioner's request that he be immediately released and enjoin Respondents from re-detaining Petitioner without a pre-detention hearing.[2]

---

[1] The Court need not consider Respondent's opposition brief since it was filed late. *See* C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."). Although the Court considers the opposition here, the Court warns Respondents that it will not consider and will strike any future late filings.

[2] To support their argument that the Court should order a bond hearing, Respondents argue that Petitioner "appears to be a member of the Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). Opp. at 1. Respondents' argument appears to imply that, because Petitioner is a member of a class eligible for a bond hearing, he was not entitled to a pre-detention hearing before his re-detention. But this argument is factually incorrect. In *Maldonado*, the Bond Eligible Class consisted of noncitizens who "*were not or will not be apprehended upon arrival*," and the issue was whether those noncitizens were entitled to a bond hearing following their initial detention within U.S. borders. *See Bautista*, 2025 WL 3288403, at *1. Here, Petitioner *was apprehended upon arrival*, released on an order of recognizance, and then subsequently re-detained. Pet. ¶ 2. Unlike in *Maldonado*, the issue here is whether Respondents can *re-detain* a noncitizen who had previously been apprehended and released on recognizance without first providing a pre-detention hearing. Because Petitioner was already apprehended upon arrival, he is not a member of the Bond Eligible Class in *Maldonado*. And because Petitioner was released on recognizance, Respondents cannot re-detain

Finally, the security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's request for a TRO and ORDERS as follows:

1. Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and are enjoined from re-detaining Petitioner without notice and a pre-detention hearing.

2. To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

3. This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on February 17, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

4. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than February 10, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than February 15, 2026.

5. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

---

him without first providing a pre-detention hearing since Petitioner's release on recognizance is his "last uncontested status." *See Flathead*, 98 F.4th at 1191.

1     **IT IS SO ORDERED**.

3   Dated: 2/3/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE