UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPAL SOMPAL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FERETI SEMAIA, *et al.*,<br><br>　　　　　RESPONDENTS. | Case No. 5:26-cv-00320-CV (SPx)<br><br>**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [8]** |

On February 3, 2026, the Court issued an order granting Petitioner's request for a temporary restraining order, which required Petitioner's immediate release from detention and enjoined Respondents from re-detaining him without notice and a pre-detention hearing. Doc. # 8 ("TRO") at 5. The TRO also ordered Respondents to show cause why a preliminary injunction should not issue by February 10, 2026 ("OSC"), and required Petitioner to file a reply by February 15, 2026. *Id.* at 5.

On February 10, 2026, Respondents filed a response to the OSC. Doc. # 15 ("Response"). Petitioner filed a late reply on February 16.[1] Having reviewed and

---

[1] Because Petitioner's reply was late, the Court declines to consider the arguments made therein. *See* C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.").

1

considered the briefing, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I.    **BACKGROUND**

On January 25, 2026, Petitioner Sompal Sompal ("Petitioner") filed a Petition for Writ of Habeas Corpus against Respondents Fereti Semaia, Adelanto Detention Facility Administrator, Todd Lyons, Acting Director of ICE, Kristi Noem, Secretary of the United States Department of Homeland Security, and Pamela Bondi, Attorney General of the United States (collectively, "Respondents"). Doc. # 1 ("Pet."). On January 29, 2026, Petitioner filed a Motion for Temporary Restraining Order and Preliminary Injunction, requesting the Court to (1) order Petitioner's immediate release from detention, and (2) enjoin Respondents from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker.

On February 3, 2026, the Court issued the TRO, ordering:

> 1.    Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and are enjoined from re-detaining Petitioner without notice and a pre-detention hearing.
>
> 2.    To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.
>
> 3.    This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on February 17, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.
>
> 4.    Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file

any written response to the Order to Show Cause no later than February 10, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than February 15, 2026.

5. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO at 5.

The Court has previously recounted the factual background in this case in the TRO, which is incorporated here by reference. TRO at 2.

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Under *Winter*, a plaintiff seeking a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a preliminary injunction may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## III. DISCUSSION

In response to the OSC, Respondents argue that they have complied with the TRO by releasing Petitioner from custody. Response at 1. Respondents make no arguments as to the merits of the Preliminary Injunction. Rather, they argue that Petitioner's case is moot because he has been released from detention. *Id.*

The Supreme Court has set a "stringent" standard for determining whether a case becomes moot due to a defendant's voluntary cessation of challenged conduct. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). A case is moot only when "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* The party asserting mootness bears a "heavy burden" to make that showing. *Id.*

The Ninth Circuit has deemed habeas petitions moot where the government's actions fully and permanently resolve the petitioner's claim. *See, e.g.*, *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding habeas petition moot where petitioner's bond release became final after ICE declined to appeal); *Valdez v. Benov*, 715 F. App'x 611, 614 (9th Cir. 2017) (same where petitioner's good time credits were restored). The Ninth Circuit has also found mootness when the government grants the habeas petitioner's requested relief and provides sworn assurances that the challenged conduct would not recur. *See, e.g.*, *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding habeas petition moot after the petitioner's release, supported by a government declaration guaranteeing parole absent changed circumstances); *De Gomez v. Baker*, 606 F. App'x 409 (9th Cir. 2015) (same where release was accompanied by sworn assurances that re-detention would not occur without a bond hearing).

Here, Respondents have complied with the TRO, and Petitioner is not presently in ICE custody. Respondents have not, however, met their "heavy burden" to demonstrate mootness. They have provided no assurance—sworn or otherwise—that Petitioner will not be re-detained unlawfully upon the expiration of the TRO. Nor have they pointed to

anything in the record showing that it is "absolutely clear" that the challenged conduct is not likely to recur. If anything, the record suggests that Petitioner's re-detention is likely absent a preliminary injunction because Petitioner would be in the exact same position he was in when Respondents previously detained him—released on an order of recognizance. *See* Pet. ¶ 2.

Respondents point to five cases to support their proposition that Petitioner's release moots his preliminary injunction request and the habeas petition more generally. Response at 1–2. However, each of these cases is inapposite. For example, in *Hezardastan v. Noem*, No. 5:25-cv-03424-AB (DTB) (C.D. Cal. Jan. 5, 2026) (Doc. # 13), the petitioner agreed to voluntarily dismiss his petition as moot, which is not the case here. Furthermore, *Hoang v. Santa Cruz*, No. 5:25-cv-02766-JGB (DSR) (C.D. Cal. Jan. 7, 2026) (Doc. # 22) involves a motion for reconsideration and does not analyze mootness in detail.

Additionally, in *Petrosyan v. Bondi*, No. 5:25-cv-03240-CV (AS) (C.D. Cal. Dec. 31, 2026) (Doc. # 11), this Court rejected Respondents' mootness argument but denied the petitioner's request for a preliminary injunction because she failed to show irreparable harm. Here, Respondents do not argue that a preliminary injunction should be denied based on irreparable harm or any other *Winter* factor. *See generally* Response.

Moreover, *Hashemi v. Noem*, No. 2:25-cv-10335-HDV (SP) (C.D. Cal.) is factually distinct from this case. In *Hashemi*, the petitioner had been ordered removed from the country, but was released on an order of supervision before being re-detained. *Id.*, Doc. # 15, Order Granting Preliminary Injunction (Nov. 19, 2025), at 1. The petitioner argued that he was entitled to immediate release because Respondents re-detained him without following due process requirements under 8 C.F.R. §§ 241.4(l)(1) and 241.13(i)(3). *Id.* at 8–12. After granting a preliminary injunction ordering the petitioner's immediate release, the parties filed a joint status report, in which Respondents confirmed that (1) the petitioner had been released and (2) that they would not re-detain him without due process required by the regulations. *Id.*, Doc. # 18, Joint Report Regarding the Status of Compliance with Order re: Preliminary Injunction (Dec. 1, 2025). The court found the status report sufficient

to dismiss the petition as moot. *Id.*, Doc. # 19, Order Dismissing Case (Jan. 7, 2026). However, the present case is distinct because Respondents have provided no assurance, sworn or otherwise, that they will not re-detain Petitioner without first providing the required due process, which, in this case, includes notice and a pre-detention hearing before a neutral decision-maker.

Finally, *Trujillo v. Janecka*, No. 5:25-cv-03002-FMO (SSC) is also factually distinct. *Trujillo* involved a petitioner who had been held in detention after being ordered removed from the country. *Id.*, Doc. # 12, Order (Dec. 1, 2025), at 1–2. The petitioner then filed a habeas petition pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing that his detention was presumptively unreasonable because it had lasted longer than six months. *Id.* at 7–9. After granting the petitioner's request for a temporary restraining order, which required petitioner's immediate release from detention pursuant to an order of supervision, the court denied the petitioner a preliminary injunction because his release did "not give rise to collateral consequences that are redressable by success on his original petition." *Id.*, Doc. # 17, Order (Jan. 12, 2026), at 2. The court also rejected the petitioner's argument that he will be subject to rearrest as "speculative and hypothetical." *Id.*

Here, however, Petitioner's release gives rise to a redressable collateral consequence. Specifically, the collateral consequence is Petitioner's potential re-detention without due process, which the Court could redress by granting the Petition and barring Respondents from re-detaining Petitioner without first providing notice and a pre-detention hearing. And unlike in *Trujillo*, Respondent's re-detention, absent a preliminary injunction, is not speculative because he has been detained before while released on recognizance, and Respondents have set forth no fact showing that his re-detention could not reasonably be expected to recur.

Accordingly, the Court will not deny a preliminary injunction on mootness grounds.

## IV. CONCLUSION

For the foregoing reasons, the Court issues a Preliminary Injunction and ORDERS as follows:

1.    For the pendency of this lawsuit, Respondents are enjoined and restrained from re-detaining Petitioner without notice and a pre-detention hearing.

2.    To preserve the Court's jurisdiction, for the pendency of this lawsuit, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

**IT IS SO ORDERED.**

Dated: 2/17/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE